UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME JULIUS BROWN, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:20-CV-971 AGF |
| | ) |
| PAMELA M. NICHOLSON, CEO, | ) |
| ENTERPRISE RENT-A-CAR, | ) |
| | ) |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner Jerome Julius Brown's submission of a civil complaint[1] and a motion for leave to proceed in forma pauperis. Upon consideration of the motion and the financial information provided therein, the Court finds that petitioner is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons explained below, the Court will dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

This Court is required to dismiss an action filed in forma pauperis upon the determination that, inter alia, it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but

---

[1] Although petitioner claims that he is bringing this action as a writ of mandamus, he has styled the action as a "civil complaint," and he has brought the action on a court form for filing civil complaints. For this reason, the Court will address this matter as a complaint rather than a petition. For ease of reference, the Court will refer to the litigant as a "petitioner" as that is how petitioner refers to himself in this action.

also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

## The Complaint

Petitioner filed the instant complaint against the CEO of Enterprise Rent-A-Car. He refers to himself in the complaint as "U.S. Bounty #1014 FBI HQ" and he claims that he is bringing this action as a petition for writ of mandamus brought pursuant to 28 U.S.C. § 1651 as a "court order issued by a judge compelling a U.S. Marshal to execute a duty."[2]

Petitioner's complaint is difficult to discern. He claims that he is from Lanham, Maryland and that he is bringing this action against defendant Pamela Nicholson, the CEO of Enterprise Rent-A-Car. The sole claims in his complaint are:

> Arrested in Charles County Charge Nolle FTA Enterprise Rent A Car.
> Arrested in Prince George County Charge Nolle Enterprise Rent A Car.
> Arrested in Capital City District of Columbia Charge Expired Tags.[3]

Petitioner claims that he is entitled to damages in this action because:

> Circuit Court Montgomery County Case Number 442 447V Granted Jerome Julius Brown 6575 Annapolis Road New Carrolton v. Pamela M. Nicholson 2273

---

[2]Petitioner seeks a mandamus under 28 U.S.C. § 1651. A mandamus under 28 U.S.C. § 1651 is a judicial remedy in the form of an order from the Court to any government, subordinate court, corporation or public authority to do an act which that body is obliged to do under law and which is in the nature of a public duty.

[3]There is no indication in the record that petitioner rented a car from Enterprise. Petitioner has not provided a copy of a rental agreement in his exhibits. Rather, he has provided two pictures of Enterprise "ride-sharing" cars but he has failed to indicate what these cars have to do with the present lawsuit.

Research Blvd. #600 Issues Information Fraud, Motion Waive Prepayment of Costs Granted.[4]

He also avers that the amount in controversy is "$35,000.00 Montgomery County Circuit Court Case 442 447v issues contract fraud two Enterprise-Rent-A-Cars ruling granted."

Petitioner has attached 138 pages of exhibits to his complaint, presumably in support of his claims. The Court has reviewed his exhibits and is unable to discern their importance to the present action.

It appears petitioner has a history of filing numerous, repetitive, and frivolous lawsuits in the federal courts across the country. At least three other district courts have limited petitioner's ability to file new cases.  *See Brown v. Walter, et al.,* C18-0320-RMP (E.D. Wash.) (dismissing action filed without a filing fee or in forma pauperis application in light of litigious history; citing *Brown v. Lyons Mane Partnership*, No. 10-mc-7 (D. D.C. Mar. 1, 2010) (enjoining plaintiff from proceeding in forma pauperis), *aff'd* No. 10-7027 (D.C. Cir. June 7, 2010); *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md. Dec. 7, 2004) (deeming plaintiff a frequent litigator and imposing pre-filing restrictions); and *In re Brown*, No. 3:10-cv-00010 (E.D. Va. July 28, 2010) (limiting plaintiff to one lawsuit at a time pending in that district).

## Discussion

Having reviewed and liberally construed the complaint, the Court is unable to discern petitioner's claims. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support

---

[4] After filing the action against defendant, the Court found the action to be frivolous and enjoined petitioner from filing other frivolous actions without pre-filing permission to do so.

3

of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, petitioner has not done so. While this Court must liberally construe pro se filings, this Court will not construct claims or assume facts that petitioner has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). Additionally, petitioner's allegations and his prayer for relief are nonsensical, and indeed "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that petitioner's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of August, 2020.

                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE